WIENER, Circuit Judge,
dissenting:
To qualify as a bank under § 581, Mon-eyGram must show that it is “a bank or trust company incorporated and doing business under the laws of the United States ... or of any State, a substantial part of the business of which consists of receiving deposits and making loans and discounts.... ” The majority concludes that the Tax Court applied incorrect definitions of “deposits” and “loans” in analyzing whether MoneyGram was a bank under § 581. But, MoneyGram has wholly failed to adduce any probative evidence to sustain its burden of proof on summary judgment under any iteration of the definition of a bank.
We review the Tax Court’s summary judgment decision de novo. Thus, even if we assume arguendo that the Tax Court made legal errors in defining “deposits” and “loans,” there is no reason that we cannot apply the correct standards to the facts. And, if we do so, we must hold that MoneyGram is not a bank under § 581.
The Tax Court’s treatment of “deposits” as “funds ... placed for an extended period of time” creates no reversible error. Even accepting that a “deposit” need only be (1) made for purposes of safekeeping, and (2) repayable on demand or at a fixed time, MoneyGram’s evidence falls woefully short of satisfying its burden of proof. This is so, regardless of what the Tax Court said about deposits being for “an extended period of time,” because MoneyGram has not proved—and cannot prove—that the “deposits” at issue are made for purposes of safekeeping. MoneyGram’s customers 'purchase a product, viz, a money order; they do not “deposit” funds. MoneyGram’s financial institution clients plainly do not “deposit” funds for safekeeping.
Nitpicking some of the definitions of a loan in light of selected portions of other opinions cannot excuse MoneyGram’s failure, as the taxpayer, to bear its burden to prove that it does qualify as a bank on this element. The record demonstrates that MoneyGram simply does not make loans in the well-established context of “bank” loans. As the Tax Court held, Money-Gram’s purported “loans” are facially trust agreements. This precludes a finding that MoneyGram makes loans, regardless of the Tax Court’s consideration of whether MoneyGram charges interest. Further, if MoneyGram does not receive “deposits,” there is no way that it can use deposit funds for secured loans.
In addition, there can be no “discounts” absent “loans,” ergo, the conjunctive phrase, “loans and discounts.” Since Mon-eyGram could never prove that it made loans in the banking context, there was no need for either party to address discounts.
MoneyGram cannot be a bank under § 581 if it fails either the “deposits” test or the “loans” test. MoneyGram has wholly failed to prove that it either receives “de *395 posits” or makes “loans.” Even if the issue of whether MoneyGram makes “loans” is a close call, MoneyGram is not a bank under § 581 for the sole reason that it does not receive “deposits.” Given MoneyGram’s burden to prove both loans and deposits under the conjunctive, its failure to prove either one is fatal.
Because I would affirm the Tax Court’s determination that MoneyGram is not a bank for the purposes of § 581, I respectfully dissent.